# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:96-CR-00123-GCM

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL EDWARD JONES,<br><br>  Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Michael Edward Jones' Motion for the Imposition of a Reduced Sentence Pursuant to § 404 of the First Step Act of 2018 (ECF Doc. 266). Defendant filed a supplement to the motion (ECF Doc. 271) as well. The Government has filed a Response Consenting to a Reduction in Sentence Under the First Step Act (ECF Doc. 275), and the Court now finds the following.

## I.  BACKGROUND

In short, Defendant participated in a violent drug-trafficking conspiracy in Charlotte, North Caroline. He was indicted and convicted for: (1) Count One: conspiracy to possess with intent to distribute crack and powder cocaine, pursuant to 21 U.S.C. § 846; (2) Count Two: possession of a firearm during and in relation to a drug trafficking crime, pursuant to 18 U.S.C. § 924(c); (3) Count Three: possessing with intent to distribute and distributing crack cocaine, pursuant to 21 U.S.C. § 841(a)(1); and (4) Count Seven: possessing a firearm as a convicted felon, pursuant to 18 U.S.C. § 922(g)(1). A drug quantity was not listed in the bill of indictment or found by the jury beyond a reasonable doubt. Defendant was sentenced to life imprisonment on Count One, sixty

consecutive months in prison on Count Two, 480 concurrent months in prison on Count 3, and 120 concurrent months in prison on Count Seven.

Defendant now seeks a reduction in sentence, claiming that he is eligible under the First Step Act because his drug-trafficking offenses were "covered offenses." The Government consents to a sentence reduction and argues that it is only appropriate to reduce Defendant's sentence to an aggregate term of 660 months in prison. Any additional facts are set forth herein.

## II. DISCUSSION

The First Step Act gives retroactive effect to Sections 2 and 3 of the Fair Sentencing Act of 2010, which reduced the former 100:1 crack-to-powder mandatory minimum ratio to an 18:1 ratio. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019). To seek a reduced sentence under the First Step Act, a defendant must first establish that the defendant was sentenced for a "covered offense." Pub. L. 115-391 (2018), Sec. 404. If the defendant was sentenced for a covered offense, a court must then exercise its discretion in determining whether to grant a sentence reduction. *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020). In exercising its discretion to reduce a sentence, the Court is constrained by the statutory range that would have applied had the Fair Sentencing Act been in effect when the defendant committed his offense. *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021).

Here, there is no dispute that Defendant is eligible for a sentence reduction. He was sentenced using mandatory-minimum penalties, pursuant to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B). If the Fair Sentencing Act had been in effect when Defendant committed these offenses, he would have been sentenced to not more than 240 months on Count One and Count Three, pursuant to 21 U.S.C. § 841(b)(1)(C). The Court should reduce Defendant's sentences on these two counts accordingly.

The issue that remains is how to reduce Defendant's sentence. The Government's proposal argues Defendant's sentence should be reduced to not less than 660 months, making the sentences on all four counts consecutive. The Court has discretion to decide whether to impose concurrent or consecutive terms of imprisonment and should do so considering the factors set forth in Section 3553(a). 18 U.S.C. § 3584. Additionally, where "the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). Here, reducing Defendant's Count One sentence to 240 months and leaving Counts One, Three, and Seven as concurrent sentences would result in him serving just 240 months on these three sentences when the total punishment for the counts would have been 600 months. Thus, in reducing Defendant's Count One and Count Three sentences, the Court also finds it necessary to make all four sentences consecutive. The Section 3553(a) factors support this conclusion. The resulting aggregate term of imprisonment reflects the serious and violent nature and circumstances of Defendant's offense conduct, as well as the history and characteristics of Defendant. It further serves to promote respect for the law, afford adequate deterrence to future criminal conduct, and protect the public from further crimes.

In sum, the Court may only reduce sentences for Defendant's "covered offenses," which are Counts One and Three. Defendant's sentence for Counts One and Three will be reduced to 240 months in prison. The Court has no authority to reduce the Count Two or Count Seven sentences, so these shall remain as terms of sixty months and 120 months, respectively. Where, previously, only the Count Two sentence was to be served consecutively, now all four sentences shall be served consecutively, making Defendant's new aggregate sentence 660 months, to be

followed by the standard conditions of supervision reflected in Defendant's initial judgment. After considering the facts and circumstances of this case, the Court concludes that this sentence reduction is consistent with the balance of the relevant Section 3553(a) factors and any other applicable law.

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. Defendant Michael Edward Jones' Motion for the Imposition of a Reduced Sentence Pursuant to § 404 of the First Step Act of 2018 (ECF Doc. 266) is **GRANTED** as indicated herein; and

2. **Defendant's Count One and Count Three sentences are reduced to 240 months,** and the sentences for all four counts shall be served consecutively, for an aggregate term of 660 months in prison, to be followed by the standard conditions of supervised release reflected in Defendant's initial judgment.

**SO ORDERED**.

Signed: July 12, 2021

Graham C. Mullen
United States District Judge